# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | | |
|---|---|---|
| MERCHANTS BANK OF INDIANA, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No.: _____ |
| | § | |
| NEST EGG 2023, LLC, a Texas limited | § | |
| liability company; BEST IS YET TO | § | |
| COME 2015, LLC, a Florida limited | § | |
| liability company; EDI SHUFFLING, | § | |
| LLC, a Florida limited liability | § | |
| company; TODD G. RITTLE, an | § | |
| individual citizen of Florida; JENNIFER | § | |
| R. RITTLE, an individual citizen of | § | |
| Florida; BRIAN P. DUNLEAVY, an | § | |
| individual citizen of Florida; an | § | |
| ISABELLE M. DUNLEAVY, an | § | |
| individual citizen of Florida. | § | |
| | § | |
| Defendants. | § | |

## COMPLAINT

**MERCHANTS BANK OF INDIANA**, by and through its undersigned counsel, hereby sues **NEST EGG 2023, LLC; BEST IS YET TO COME 2015, LLC; EDI SHUFFLING, LLC; TODD RITTLE;**

**JENNIFER RITTLE; BRIAN DUNLEAVY; and ISABELLE M. DUNLEAVY** for enforcement of a promissory note, loan agreement, guaranty agreements, and mortgages, and alleges as follows:

**PARTIES**

1.     Plaintiff **Merchants Bank of Indiana** ("**Plaintiff**" or "**Merchants**"), is a financial institution. A financial institution is a citizen of any State by which it has been incorporated and of the State where it has its principal place of business. Merchants was incorporated in Indiana and has its principal place of business in Indiana. Thus, Merchants is a citizen of Indiana.

2.     Defendant **Nest Egg 2023, LLC** ("**Nest Egg 2023**") is a limited liability company formed in Texas made up of three members: Brian Dunleavy, an individual citizen resident in Florida; Todd Rittle, an individual citizen resident in Florida; and Curt Skallerup, an individual citizen resident in Texas. Thus, Nest Egg 2023 is a citizen of both Florida and Texas.

3.     Defendant **Best is Yet To Come 2015, LLC ("Best is Yet To Come 2015")** is a limited liability company formed in Florida made up of two members: Todd Rittle, an individual citizen resident in Florida and Jennifer

2

Rittle, an individual citizen resident in Florida.  Thus, Best is Yet To Come 2015 is a citizen of Florida.

4.    Defendant **EDI SHUFFLING, LLC ("EDI Shuffling")** is a limited liability company formed in Florida made up of two members: Brian Dunleavy, an individual citizen resident in Florida and Isabelle Dunleavy, and individual citizen resident in Florida. Thus, EDI Shuffling is a citizen of Florida.

5.    Defendant **Todd Rittle ("T. Rittle")** is an individual domiciled in Florida and thus is a citizen of Florida.

6.    Defendant **Jennifer Rittle ("J. Rittle")** is an individual domiciled in Florida and thus is a citizen of Florida.

7.    Defendant **Brian Dunleavy ("B. Dunleavy")** is an individual domiciled in Florida and thus is a citizen of Florida.

8.    Defendant **Isabelle M. Dunleavy ("I. Dunleavy")** is an individual domiciled in Florida and thus is a citizen of Florida.

## JURISDICTION

9.    This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1), in that this is a civil action between a citizen of Indiana and

citizens of Florida and Texas, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## VENUE

10.     Venue is proper in this district under 28 U.S.C. §§ 1391(b)(1) & (2), in that the Defendants reside in this district, a substantial part of the events or omissions giving rise to the action occurred in this district, and a substantial part of the property that is the subject of this action is situated in this district.

## FACTS

11.     On or about January 24, 2024, Nest Egg 2023 (the "Borrower") executed and delivered to Merchants the Note (the "Note") evidencing Borrower's agreement to the terms and conditions contained therein and promise to pay amounts due thereunder, in exchange for a loan in the original principal amount of $1,676,200.00 (the "Loan"). Attached hereto as Exhibit "A" is a true and correct copy of the Note.

12.     On or about October 11, 2024, Borrower, Best is Yet to Come 2015, EDI Shuffling, T. Rittle, J. Rittle, B. Dunleavy, and I. Dunleavy executed and delivered to Merchants the Loan Modification Agreement (the "Loan Modification Agreement") evidencing certain modifications to the Note, and incorporating by reference the U.S. Small Business Administration Authorization dated October 18, 2023, SBA Loan Number 5459449105 (the "SBA Terms and Conditions"). Attached hereto as Exhibit "B" is a true and

correct copy of the Loan Modification Agreement and the SBA Terms and Conditions.

13. On or about January 24, 2024, Best is Yet to Come 2015 executed and delivered to Merchants an Unconditional Guarantee (the "Best Guarantee"), guaranteeing full and prompt payment and satisfaction of all amounts owing by Borrower to Merchants under the Note, jointly and severally. Attached hereto as Exhibit "C" is a true and correct copy of the Best Guarantee.

14. On or about January 24, 2024, EDI Shuffling executed and delivered to Merchants an Unconditional Guarantee (the "EDI Shuffling Guarantee"), guaranteeing full and prompt payment and satisfaction of all amounts owing by Borrower to Merchants under the Note, jointly and severally. Attached hereto as Exhibit "D" is a true and correct copy of the EDI Shuffling Guarantee.

15. On or about January 24, 2024, T. Rittle executed and delivered to Merchants an Unconditional Guarantee (the "T. Rittle Guarantee"), guaranteeing full and prompt payment and satisfaction of all amounts owing by Borrower to Merchants under the Note, jointly and severally. Attached hereto as Exhibit "E" is a true and correct copy of the T. Rittle Guarantee.

16. On or about January 24, 2024, J. Rittle executed and delivered to Merchants an Unconditional Guarantee (the "J. Rittle Guarantee"), guaranteeing full and prompt payment and satisfaction of all amounts owing

by Borrower to Merchants under the Note, jointly and severally. Attached hereto as Exhibit "F" is a true and correct copy of the J. Rittle Guarantee.

17.    On or about January 24, 2024, B. Dunleavy executed and delivered to Merchants an Unconditional Guarantee (the "B. Dunleavy Guarantee"), guaranteeing full and prompt payment and satisfaction of all amounts owing by Borrower to Merchants under the Note, jointly and severally. Attached hereto as Exhibit "G" is a true and correct copy of the B. Dunleavy Guarantee.

18.    On or about January 24, 2024, I. Dunleavy executed and delivered to Merchants an Unconditional Guarantee (the "I. Dunleavy Guarantee"), guaranteeing full and prompt payment and satisfaction of all amounts owing by Borrower to Merchants under the Note, jointly and severally. Attached hereto as Exhibit "H" is a true and correct copy of the I. Dunleavy Guarantee.

19.    On or about January 24, 2024, T. Rittle and J. Rittle (collectively, the "Rittles") executed and delivered to Merchants that certain Mortgage, Assignment of Rents, Security Agreement, and Fixture Filing (the "Bradenton Mortgage") thereby granting to Merchants the Rittles' interest in certain collateral real property commonly known as 19005 69th Avenue E, Bradenton, FL 34211 (the "Bradenton Property," more particularly described in Exhibit A to the Bradenton Mortgage) and in all personal property on the Bradenton Property as security for all obligations of Borrower to Merchants under the

6

Note. Merchants recorded the Bradenton Mortgage in the real property records of Manatee County, Florida on February 7, 2024, as instrument number 202441011708. Attached hereto as Exhibit "I" is a true and correct copy of the Bradenton Mortgage.

20.    On or about January 24, 2024, B. Dunleavy and I. Dunleavy (collectively, the "Dunleavys") executed and delivered to Merchants that certain Mortgage, Assignment of Rents, Security Agreement, and Fixture Filing (the "St. Petersburg Mortgage") thereby granting to Merchants the Dunleavys' interest in certain collateral real property commonly known as 4957 Cobia Drive SE, St. Petersburg, FL 33705 (the "St. Petersburg Property," more particularly described in Exhibit A to the St. Petersburg Mortgage) and all personal property located on the St. Petersburg Property as security for all obligations of Borrower to Merchants under the Note. Merchants recorded the St. Petersburg Mortgage in the real property records of Pinellas County, Florida on February 7, 2024, recorded as instrument number 2024031131, in Book 22698 starting on Page 1468. Attached hereto as Exhibit "J" is a true and correct copy of the St. Petersburg Mortgage.

21.    As further security for the Loan, T. Rittle assigned to Merchants a $300,000.00 life insurance policy, B. Dunleavy assigned to Merchants 60% of a $500,000.00 life insurance policy, Nest Egg 2023 granted to Merchants a security interest in a deposit account in the amount of $100,000.00, and Nest

Egg 2023 granted to Merchants a blanket lien on all business assets. Attached hereto as Exhibit "K" is a true and correct copy of the recorded UCC-1.

22.    Nest Egg 2023, Best is Yet to Come 2025, EDI Shuffling, T. Rittle, J. Rittle, B. Dunleavy, and I. Dunleavy may, where appropriate, be collectively referred to as "Defendants" or "Obligors." The Note, Loan Modification Agreement, Best Guarantee, EDI Shuffling Guarantee, T. Rittle Guarantee, J. Rittle Guarantee, B. Dunleavy Guarantee, I. Dunleavy Guarantee (and collectively with the Best Guarantee, EDI Shuffling Guarantee, T. Rittle Guarantee, J. Rittle Guarantee, and B. Dunleavy Guarantee, the "Guarantees"), Bradenton Mortgage, and St. Petersburg Mortgage and all exhibits, addendums, amendments, and supplements thereto constitute the "Loan Documents."

23.    Plaintiff, Merchants, is the beneficial owner and holder of the Loan Documents.

24.    Borrower defaulted under the Note by failing to timely make the principal and interest payments when due.

25.    On or about April 1, 2025, Merchants sent Obligors a Notice of Past Due Payments (the "Past Due Notice"). The Past Due Notice notified Obligors that the Loan was in default for failing to timely pay principal and interest on the Loan when due, and demanded the immediate payment of all past due amounts on or before April 11, 2025. Attached hereto as Exhibit "L" is a true and correct copy of the Past Due Notice.

26.     The past due amounts were not paid on or before April 11, 2025.

27.     On or about May 7, 2025, Merchants sent Obligors a Notice of Default and Acceleration (the "Demand Letter"). The Demand Letter notified Obligors of the continuing default and of the acceleration of all amounts due and owing under the Loan Documents, and demanded the immediate payment of all outstanding amounts on or before May 17, 2025. Attached hereto as Exhibit "M" is a true and correct copy of the Demand Letter.

28.     All amounts outstanding under the Loan Documents were not paid in full by May 17, 2025, and remain outstanding as of the date of this Complaint.

29.     As of June 10, 2025, the outstanding balance under Loan Documents is $1,615,980.24, including $1,553,111.40 in principal, $60,742.50 in interest, and late charges of $2,126.34, exclusive of attorneys' fees and costs.  Interest continues to accrue at a per diem rate of $442.2053.

30.     Merchants has retained the undersigned law firm to represent it in this matter and is obligated to pay the undersigned counsel reasonable attorneys' fees and costs for its services.

31.     Defendants owe all expenses, including court costs and reasonable attorneys' fees, incurred by Merchants in enforcing Defendants'

obligations under the Loan Documents. See, e.g., Ex. A at ¶ 6(B); Ex. B at ¶ 9; and Ex. C at ¶ 9(A).

32.     All condition precedents have been performed, have occurred, or have been waived.

## COUNT ONE – BREACH OF NOTE
### (Against Nest Egg 2023)

33.     Merchants repeats and re-alleges paragraphs 1 through 12, and 22 through 32 hereof, as if fully set forth herein.

34.     A contract exists between Merchants and Nest Egg 2023 as evidenced by the Note. See Ex. A.

35.     Merchants is the beneficial owner and holder of the Note.

36.     Defendant Nest Egg 2023 is in material breach of the Note, and has defaulted under its terms by, among other things, failing to timely pay principal and interest when due.

37.     As a direct and proximate result of Borrower's breach and default of the Loan Documents, Merchants has suffered damages and Borrower owes to Merchants the full amount of the outstanding balance plus all other amounts due and owing under the Note.

38.     As a direct and proximate result of Borrower's breach and default of the Note, Merchants has been caused to incur expenses, including costs and reasonable attorneys' fees, for which Borrower is obligated to pay under the terms of the Loan Documents.

WHEREFORE, Plaintiff, **Merchants Bank of Indiana**, requests that this Court enter judgment against Defendant, **NEST EGG 2023, LLC** for damages, together with interest, costs, and attorneys' fees, pursuant to the Note, and for such other and further relief as this Court deems just and proper.

## COUNT II – BREACH OF BEST GUARANTEE
### (Against Best is Yet to Come 2015, LLC)

39.    Merchants repeats and re-alleges paragraphs 1 through 13 and 22 through 32 hereof, as if fully set forth herein.

40.    A contract exists between Merchants and Best is Yet to Come 2015, as evidenced by the Best Guarantee. See Ex. C.

41.    Merchants is the beneficial owner and holder of the Best Guarantee.

42.    Best is Yet to Come 2015 is in material breach of the Best Guarantee and has defaulted under its terms by, among other things, failing to timely pay principal and interest when due under the Loan Documents and upon demand by Merchants.

43.    As a direct and proximate result of the Best is Yet to Come 2015's breach and default of the Best Guarantee, Merchants has suffered damages and Best is Yet to Come 2015 owes to Merchants the full amount of the outstanding principal balance, all accrued and unpaid interest, late fees, and all other amounts due and owing under the Loan Documents.

44.     As a direct and proximate result of the Best is Yet to Come 2025's breaches and defaults of the Guarantees, Merchants has been caused to incur expenses, including costs and reasonable attorneys' fees, for which Best is Yet to Come 2015 is obligated to pay under the terms of the Loan Documents.

WHEREFORE, Plaintiff, **Merchants Bank of Indiana**, requests that this Court enter judgment against Defendant, **Best is Yet to Come 2015, LLC** for damages, together with interest, costs, and attorneys' fees, pursuant to the Best Guarantee, and for such other and further relief as this Court deems just and proper.

## COUNT III – BREACH OF EDI SHUFFLING GUARANTEE
### (As Against EDI Shuffling, LLC)

45.     Merchants repeats and re-alleges paragraphs 1 through 12, 14, and 22 through 32 hereof, as if fully set forth herein.

46.     A contract exists between Merchants and EDI Shuffling, as evidenced by the EDI Shuffling Guarantee. See Ex. D.

47.     Merchants is the beneficial owner and holder of the EDI Shuffling Guarantee.

48.     EDI Shuffling is in material breach of the EDI Shuffling Guarantee and has defaulted under its terms by, among other things, failing to timely pay principal and interest when due under the Loan Documents and upon demand by Merchants.

49.    As a direct and proximate result of the EDI Shuffling's breach and default of the EDI Shuffling Guarantee, Merchants has suffered damages and EDI Shuffling owes to Merchants the full amount of the outstanding principal balance, all accrued and unpaid interest, late fees, and all other amounts due and owing under the Loan Documents.

50.    As a direct and proximate result of the EDI Shuffling's breach and default of the EDI Shuffling Guarantee, Merchants has been caused to incur expenses, including costs and reasonable attorneys' fees, for which EDI Shuffling is obligated to pay under the terms of the Loan Documents.

WHEREFORE, Plaintiff, **Merchants Bank of Indiana**, requests that this Court enter judgment against Defendant, **EDI Shuffling, LLC** for damages, together with interest, costs, and attorneys' fees, pursuant to the EDI Shuffling Guarantee, and for such other and further relief as this Court deems just and proper.

## COUNT IV – BREACH OF T. RITTLE GUARANTEE
### (As Against T. Rittle)

51.    Merchants repeats and re-alleges paragraphs 1 through 12, 15, and 22-32 hereof, as if fully set forth herein.

52.    A contract exists between Merchants and T. Rittle, as evidenced by the T. Rittle Guarantee. See Ex. E.

53.    Merchants is the beneficial owner and holder of the T. Rittle Guarantee.

54.    T. Rittle is in material breach of the T. Rittle Guarantee and has defaulted under its terms by, among other things, failing to timely pay principal and interest when due under the Loan Documents and upon demand by Merchants.

55.    As a direct and proximate result of the T. Rittle's breach and default of the T. Rittle Guarantee, Merchants has suffered damages and T. Rittle owes to Merchants the full amount of the outstanding principal balance, all accrued and unpaid interest, late fees, and all other amounts due and owing under the Loan Documents.

56.    As a direct and proximate result of the T. Rittle's breach and default of the T. Rittle Guarantee, Merchants has been caused to incur expenses, including costs and reasonable attorneys' fees, for which T. Rittle is obligated to pay under the terms of the Loan Documents.

WHEREFORE, Plaintiff, **Merchants Bank of Indiana**, requests that this Court enter judgment against Defendant, **TODD RITTLE** for damages, together with interest, costs, and attorneys' fees, pursuant to the T. Rittle Guarantee, and for such other and further relief as this Court deems just and proper.

## COUNT V – BREACH OF J. RITTLE GUARANTEE
### (As Against J. Rittle)

57.    Merchants repeats and re-alleges paragraphs 1 through 12, 16, and 22 through 32 hereof, as if fully set forth herein.

14

58.     A contract exists between Merchants and J. Rittle, as evidenced by the J. Rittle Guarantee. See Ex. E.

59.     Merchants is the beneficial owner and holder of the J. Rittle Guarantee.

60.     J. Rittle is in material breach of the J. Rittle Guarantee and has defaulted under its terms by, among other things, failing to timely pay principal and interest when due under the Loan Documents and upon demand by Merchants.

61.     As a direct and proximate result of J. Rittle's breach and default of the J. Rittle Guarantee, Merchants has suffered damages and J. Rittle owes to Merchants the full amount of the outstanding principal balance, all accrued and unpaid interest, late fees, and all other amounts due and owing under the Loan Documents.

62.     As a direct and proximate result of J. Rittle's breach and default of the J. Rittle Guarantee, Merchants has been caused to incur expenses, including costs and reasonable attorneys' fees, for which J. Rittle is obligated to pay under the terms of the Loan Documents.

WHEREFORE, Plaintiff, **Merchants Bank of Indiana**, requests that this Court enter judgment against Defendant, **JENNIFER RITTLE** for damages, together with interest, costs, and attorneys' fees, pursuant to the J.

Rittle Guarantee, and for such other and further relief as this Court deems just and proper.

### COUNT VI – BREACH OF B. DUNLEAVY GUARANTEE
### (As Against B. Dunleavy)

63.    Merchants repeats and re-alleges paragraphs 1 through 12, 17, and 22 through 32 hereof, as if fully set forth herein.

64.    A contract exists between Merchants and B. Dunleavy, as evidenced by the B. Dunleavy Guarantee. See Ex. F.

65.    Merchants is the beneficial owner and holder of the B. Dunleavy Guarantee.

66.    B. Dunleavy is in material breach of the B. Dunleavy Guarantee and has defaulted under its terms by, among other things, failing to timely pay principal and interest when due under the Loan Documents and upon demand by Merchants.

67.    As a direct and proximate result of B. Dunleavy's breach and default of the B. Dunleavy Guarantee, Merchants has suffered damages and B. Dunleavy owes to Merchants the full amount of the outstanding principal balance, all accrued and unpaid interest, late fees, and all other amounts due and owing under the Loan Documents.

68.    As a direct and proximate result of B. Dunleavy's breach and default of the B. Dunleavy Guarantee, Merchants has been caused to incur

expenses, including costs and reasonable attorneys' fees, for which B. Dunleavy is obligated to pay under the terms of the Loan Documents.

WHEREFORE, Plaintiff, **Merchants Bank of Indiana**, requests that this Court enter judgment against Defendant, **BRIAN DUNLEAVY** for damages, together with interest, costs, and attorneys' fees, pursuant to the B. Dunleavy Guarantee, and for such other and further relief as this Court deems just and proper.

### COUNT VII – BREACH OF I. DUNLEAVY GUARANTEE
### (As Against I. Dunleavy)

69.    Merchants repeats and re-alleges paragraphs 1 through 12, 18, and 22 through 32 hereof, as if fully set forth herein.

70.    A contract exists between Merchants and I. Dunleavy, as evidenced by the B. Dunleavy Guarantee. See Ex. G.

71.    Merchants is the beneficial owner and holder of the I. Dunleavy Guarantee.

72.    I. Dunleavy is in material breach of the I. Dunleavy Guarantee and has defaulted under its terms by, among other things, failing to timely pay principal and interest when due under the Loan Documents and upon demand by Merchants.

73.    As a direct and proximate result of I. Dunleavy's breach and default of the I. Dunleavy Guarantee, Merchants has suffered damages and I. Dunleavy owes to Merchants the full amount of the outstanding principal

balance, all accrued and unpaid interest, late fees, and all other amounts due and owing under the Loan Documents.

74.    As a direct and proximate result of I. Dunleavy's breach and default of the I. Dunleavy Guarantee, Merchants has been caused to incur expenses, including costs and reasonable attorneys' fees, for which I. Dunleavy is obligated to pay under the terms of the Loan Documents.

WHEREFORE, Plaintiff, **Merchants Bank of Indiana**, requests that this Court enter judgment against Defendant, **ISABELLE M. DUNLEAVY** for damages, together with interest, costs, and attorneys' fees, pursuant to the I. Dunleavy Guarantee, and for such other and further relief as this Court deems just and proper.

## COUNT VIII – FORECLOSURE OF FURNITURE, FIXTURES, & EQUIPMENT

75.    Merchants incorporates and re-alleges paragraphs 1 through 12 and 21 through 32 hereof, as if fully alleged herein.

76.    Nest Egg 2023 executed the Security Agreement granting to Merchants all of Nest Egg 2023's interest, right, and title to all business assets of Nest Egg 2023.

77.    Merchants owns the debt secured by the Security Agreement.

78.    Nest Egg 2023 defaulted under the Security Agreement by, among other things, failure to make payments when due under the Note.

79.    Nest Egg 2023 owns furniture, fixtures, and equipment (the "FF&E") purchased using the funds from the Loan in which Merchants holds a first priority security interest.

80.    The FF&E is located at Nest Egg 2023's leasehold property located at 351 Town Place, Fairview, Texas 75069.

81.    Nest Egg 2023 may claim to have some right, interest, or lien in the FF&E, but Nest Egg 2023's interests in the FF&E, if any, is subordinate and inferior to Merchants' rights and interests in the FF&E.

82.    Merchants' lien on the FF&E arising out of the Security Agreement is superior in right, title, claim of lien, or interest of any of the Defendants or any other known persons, creditors, heirs, devisees, grantees, or any other known spouse, tenant, or persons or entities claiming by, through or under these Defendants.

83.    Plaintiff, Merchants Bank of Indiana demands judgment against Nest Egg 2023 for the sum due under the Loan Documents and:

a.    for judgment that Merchants' FF&E lien is superior and paramount to any lien, right, title, or interest of the Defendants herein, and any party claiming by, through, or under these Defendants, in that such lien, right, title, or interest of Defendants or any party claiming by, through, or under these Defendants be forever barred and foreclosed;

b.    adjudge that Merchants has the right to take possession of the FF&E and conduct a sale of the same;

c.    order the proceeds of these sale be applied to the payment of the expenses of the sale, including but not limited to the cost of transporting and

storing the FF&E, the costs of this action, the payment of attorneys' fees to Merchants, and the amount due and payable under the Loan Documents, together with interest thereon;

d.    order that upon the sale, the Defendants, all junior lienholders, and all parties claiming by, through, or under these Defendants be forever barred and foreclosed of any rights, title, interest in, to, or upon the FF&E, and that all parties in possession thereof surrender the FF&E to the purchaser or purchasers at the sale; and

e.    retain jurisdiction of this case to make further orders and judgments as may be necessary and proper, including entry of a deficiency judgment when and if such deficiency shall be deemed proper.

### COUNT IX – FORECLOSURE OF THE BRADENTON MORTGAGE

84.    This is an action to foreclose a mortgage on the Rittles' property located in Bradenton, Florida.

85.    Merchants incorporates and re-alleges paragraphs 1 through 12, 19, and 22 through 32 hereof, as if fully alleged herein.

86.    The Rittles currently own and hold title to the Bradenton Property.

87.    An event of default has occurred under the terms of the Bradenton Mortgage due to Obligors' failure to pay the amounts due and owing under the Loan Documents.

88.    Merchants is the owner and holder of the Loan Documents and the Bradenton Mortgage.

89.    As a result of the Obligors' default under the Loan Documents, there is now due and owing from the Obligors the full amount of the outstanding unpaid balance under the Loan Documents, including principal, interest, late charges, attorneys' fees and costs, and any and all sums heretofore or hereinafter expended or to be expended by Merchants pursuant to the terms of the Loan Documents.

90.    As a result of the Rittles' default under the Loan Documents, together with the T. Rittle Guarantee and J. Rittle Guarantee, the Rittles are jointly and severally responsible for the total unpaid balance due under the Loan Documents, including principal, interest, late charges, attorneys' fees and costs, and any and all sums heretofore or hereinafter expended or to be expended by Merchants pursuant to the terms of the Loan Documents.

91.    Unknown tenants may claim an interest in the Bradenton Property by virtue of their tenancy, but any such interest is inferior and subordinate to the rights of Merchants.

92.    Plaintiff, Merchants Bank of Indiana, demands the following relief:

f.    An accounting be taken under the direction of this Court of the sums due to Merchants from the Defendants pursuant to Loan Documents, together with accrued interest, late charges, taxes, attorneys' fees and costs, and any and all sums heretofore and hereinafter expended or to be expended by Merchants pursuant to the terms of the Loan Documents;

g.    The Defendants be ordered to pay to Merchants the amounts found to be due; and

h.    In the event of a default by Defendants of such payment, order the Bradenton Property to be sold under the direction of this Court to satisfy the judgment;

i.    Declare that any right, title, interest, claim or demand of Defendants and all persons claiming by or through Defendants and any junior lien holders be absolutely barred and foreclosed; and

j.    The successful bid at the foreclosure sale be first credited towards the sums due to Merchants under the obligations evidenced by the Loan Documents.

## COUNT X – FORECLOSURE OF THE ST. PETERSBURG MORTGAGE

93.    This is an action to foreclose a mortgage on the Dunleavys' property located in St. Petersburg, Florida.

94.    Merchants incorporates and re-alleges paragraphs 1 through 12, 20, and 22 through 32 hereof, as if fully alleged herein.

95.    The Dunleavys currently own and hold title to the St. Petersburg Property.

96.    An event of default has occurred under the terms of the St. Petersburg Mortgage due to Obligors' failure to pay the amounts due and owing under the Loan Documents.

97.     Merchants is the owner and holder of the Loan Documents and the St. Petersburg Mortgage.

98.     As a result of the Obligors' default under the Loan Documents, there is now due and owing from the Obligors the full amount of the outstanding unpaid balance under the Loan Documents, including principal, interest, late charges, attorneys' fees and costs, and any and all sums heretofore or hereinafter expended or to be expended by Merchants pursuant to the terms of the Loan Documents.

99.     As a result of the Dunleavys' default under the Loan Documents, together with the B. Dunleavy Guarantee and I. Dunleavy Guarantee, the Dunleavys are jointly and severally responsible for the total unpaid balance due under the Loan Documents, including principal, interest, late charges, attorneys' fees and costs, and any and all sums heretofore or hereinafter expended or to be expended by Merchants pursuant to the terms of the Loan Documents.

100.    Unknown tenants may claim an interest in the St. Petersburg Property by virtue of their tenancy, but any such interest is inferior and subordinate to the rights of Merchants.

101.    Plaintiff, Merchants Bank of Indiana, demands judgment against B. Dunleavy and I. Dunleavy for the sum due under the Loan Documents, and

a.     An accounting be taken under the direction of this Court of the sums due to Merchants from the Defendants pursuant to Loan Documents, together with accrued interest, late charges, taxes, attorneys' fees and costs, and any and all sums heretofore and

hereinafter expended or to be expended by Merchants pursuant to the terms of the Loan Documents;

b.      The Defendants be ordered to pay to Merchants the amounts do found to be due; and

c.      In the event of a default by Defendants of such payment, order the St. Petersburg Property to be sold under the direction of this Court to satisfy the judgment;

d.      Declare that any right, title, interest, claim or demand of Defendants and all persons claiming by or through Defendants and any junior lien holders be absolutely barred and foreclosed; and

e.      The successful bid at the foreclosure sale be first credited towards the sums due to Merchants under the obligations evidenced by the Loan Documents.

**Dated:**     **June 26, 2025**          Respectfully submitted,

*/s/ Angela N. Grewal*
Angela N. Grewal, Lead Counsel
ADAMS AND REESE LLP
501 Riverside Ave, Suite 601
Jacksonville, FL 32202
Angela.grewal@arlaw.com
*Counsel for Merchants Bank of Indiana*

*/s/ Danielle E. Douglas*
Danielle E. Douglas
(*Application for Pro Hac Vice
Admission Forthcoming*)
ADAMS AND REESE LLP
1901 Sixth Avenue North, Suite
1110
Birmingham, Alabama 35203
(205) 250-5000
(205) 250-5034 (facsimile)
danielle.douglas@arlaw.com
*Counsel for Merchants Bank of
Indiana*